A. MARIA CHASE, executrix, *vs.* ALVAH M. CHASE & others.

Middlesex.   March 24, 1899. — May 20, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Will — Codicil — Life Estate during Life or Widowhood — Power to Mortgage.*

A testator gave by will to his wife a defeasible life estate in his estate real and personal remaining after the payment of certain small bequests, with a remainder to his heirs at law if she married again, and with a remainder to certain of his descendants if she remained unmarried until her death. Six years later he made a codicil, in which, after ratifying and confirming his will except as changed therein, he provided, " Whereas by said will I gave my wife A. the use, income, and improvement of all residue of my property, on condition she did not marry again, I hereby         her eight hundred dollars per year for her comfortable support, and hereby authorize and empower her to mortgage any part of my real estate sufficient to give her the said eight hundred dollars per year, providing the net income of my said estate does not produce said amount of eight hundred dollars per year." The testator had lived happily many years with his wife, and since the making of his will the net income of his estate, which consisted of both realty and personalty, had decreased, and both he and his wife were advanced in years. *Held,* that the will and codicil, read as one instrument, said, in substance, so far as related to the wife, that she was to have a life estate during her life or widowhood, and, in case the net income of the estate did not equal eight hundred dollars, she might mortgage to meet the deficiency.

PETITION in equity, by the executrix of the will and codicil of James M. Chase, for the construction thereof. Hearing before *Knowlton,* J., who, being of opinion that the wife was the owner of a life estate and entitled to the income, whatever it might be, and that, if the income including the income of the homestead fell short of eight hundred dollars, she might mortgage to make up the balance, at the request of the respondents, the petitioner assenting, reported the case for the consideration of the full court. The facts appear in the opinion.

*J. A. Bailey, Jr.,* for the respondents.

*T. W. Proctor,* for the petitioner.

HAMMOND, J. By the third item of the will, the testator gave to his wife a defeasible life estate in all the rest of his estate, real and personal, remaining after the payment of certain small bequests contained in the second item, with a remainder in his heirs at law if she married again, and with a remainder to certain of his descendants if she remained unmarried until her death. Six years later he made a codicil in which, after expressly ratifying and confirming his will except so far as changed by his codicil, he uses this language: " Whereas by said will I gave my wife, A. Maria Chase, the use, income, and improvement of all residue of my property, on condition she did not marry again, I hereby      her eight hundred dollars per year for her comfortable support, and hereby authorize and empower her to mortgage any part of my real estate sufficient to give her the said eight hundred dollars per year, providing the net income of my said estate does not produce said amount of eight hundred dollars per year." The question is whether the provision made for his wife in the codicil is an entire substitution for the provision made for her in the will, or whether it is additional and supplementary thereto.

The testator's property consisted of real and personal estate. He had lived happily many years with his wife, and since the making of his will the net income of his estate had decreased. Both he and his wife were well advanced in years, and his own growing infirmities may have impressed more deeply on his mind the necessity of seeing to it that she should be sure of a " comfortable support."

He had made a will by which he had provided for the final disposition of his property. He had left nothing undevised. By the third item he had created a life estate for his wife, defeasible on her marriage, with a remainder to his heirs at law if she married, and a remainder to certain of his descendants if she did not marry. He begins his codicil. He wants everything to stand except as changed by this new provision for his wife, and he so declares. He then recites the fact that he has given all the income to her during her life, if she remains unmarried, and proceeds to state that he wants her to have eight

hundred dollars per annum for her comfortable support, and, if the net income does not yield that sum, then he gives her power to mortgage any part of the estate sufficient to meet the deficiency; and there he stops.

He does not expressly revoke the life estate given to his wife in the will. He does not say who shall have the property during her life or widowhood. He makes no reference to any change in the vested or contingent interests created in the will which follow her life estate. On the contrary, he confirms the will in this respect. If this provision in the codicil revokes the life estate, then he has left undevised the use of his property during the life or widowhood of his wife. There is not one single word in the codicil which goes to show that he supposed that the change he was making called for any new directions with reference to the use of the property during that time, and he gives no directions about it. The codicil shows that he fears the net income of the property will not amount to eight hundred dollars, and that he wants to make sure that, if his fear is well founded, his wife shall nevertheless have at least that sum for her comfortable support. He gives her a power to mortgage. He manifestly intends that she shall manage the estate, for she is to judge in the first instance how she shall exercise the power, and what part of the estate she shall mortgage.

There is no inconsistency between the existence of the life estate and the provisions of the codicil, and hence there is no implied revocation. The will and the codicil are to be read as one instrument, and thus read they fairly may be held to say, in substance, so far as relates to the wife, that she is to have a life estate during her life or widowhood, and, in case the net income of the estate does not equal eight hundred dollars, she may mortgage to meet the deficiency. Such an interpretation leaves none of his estate undisposed of, gives due effect to all the provisions of the will and codicil, and is consonant with the central idea evidently in the mind of the testator at the time he made the latter.

*Decree accordingly.*